IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NEIL GILMOUR III, TRUSTEE FOR THE GRANTOR TRUSTS FOR VICTORY MEDICAL CENTER CRAIG RANCH,LP., *ET AL.*, | § § § § § | 5-17-CV-00518-FB-RBF |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| BLUE CROSS AND BLUE SHIELD OF ALABAMA *ET AL.*, | § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motions to Dismiss and Alternative Motions to Transfer filed by Defendants Carefirst of Maryland, Inc. ("CFMI") and Group Hospitalization and Medical Services, Inc. ("GHMSI"). *See* Dkt. Nos. 23 & 25. All pretrial matters in this ERISA litigation, which also involves pendant state law claims, have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) & (d) to Appendix C of the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 90. The undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

CFMI and GHMSI's motions are the first two of seven Rule 12 motions filed by some of the 67 defendants in this complex multi-party litigation. The plaintiffs in this action, referred to herein as "the Victory Plaintiffs," are seven hospitals; two are plaintiffs in their own names and the remaining five are represented by a bankruptcy trustee. In their motions, CFMI and GHMSI challenge the Court's personal jurisdiction over them as well as the propriety of venue in this

1

district. They seek dismissal under Rules 12(b)(2) & (b)(3) of all claims against them or, alternatively, that the claims asserted against them be transferred to the District of Maryland (for CFMI) and the District of Columbia (for GHMSI). The two motions at issue also raise arguments for dismissal under Rule 12(b)(6). These Rule 12(b)(6) arguments are mirrored in some of the other five Rule 12 motions that have been filed in this case but are not presently at issue.

Matters are further complicated here by the fact that this is one of two closely related actions filed in this district involving a request to recoup payments on claims submitted in connection with the treatment of patients at Victory hospitals across Texas. The first action, which is referred to U.S. Magistrate Judge Elizabeth S. Chestney, involves claims against Aetna Life Insurance Company. *See Gilmour et al. v. Aetna Life Ins. Co.*, No. 5-17-cv-510-FB-ESC (W.D. Tex. filed Jun. 8, 2017). Shortly after filing suit against Aetna, the Victory Plaintiffs filed this substantially similar action against 67 BCBS affiliates. Both cases are pending before the same District Judge, and both involve a variety of ERISA-related claims as well as pendant claims under the Texas Insurance Code and Texas common law. Judge Chestney recently issued her report and recommendation addressing several issues closely related to some of the Rule 12(b)(6) issues raised in this case. *See id.* at Dkt. No. 23. Judge Chestney's report and recommendation also addresses Rule 12(b)(1) issues that are also implicated in this litigation, although no Rule 12(b)(1) issues are raised in the two motions that are the subject of this report and recommendation. All of this is to say that the undersigned's recommendation regarding the two motions at issue is made in light of the somewhat parallel proceedings in *Aetna*, and with the understanding that further action in this litigation will very likely depend in large part on the District Court's ruling on Judge Chestney's report and recommendation.

After considering CFMI's and GHMSI's Motions, Dkt. Nos. 23 & 25, the Response filed by the Victory Plaintiffs, Dkt. No. 126, CFMI's and GHMSI's Reply, Dkt. No. 129, the Victory Plaintiffs' Sur-Reply, Dkt. No. 133, the pleadings, and the entire case file, the undersigned finds that the Court has personal jurisdiction over Defendants CFMI and GHMSI. Based on the current record, however, CFMI's and GHMSI's venue objections are well-taken. Accordingly, the undersigned recommends that the District Court: (1) **DENY** CFMI's and GHMSI's Motions in so far as they challenge the Court's personal jurisdiction; (2) **GRANT** the Motions to the extent they challenge venue but permit the Victory Plaintiffs an opportunity to amend the Complaint to address this issue, as well as to cure or clarify additional allegations, as requested in their omnibus Response; and (3) **DISMISS AS MOOT** CFMI's and GHMSI's Rule 12(b)(6) motions, without prejudice to their later re-filing.

Finally, to assist the Court and the parties in navigating this complex multi-party litigation—and in light of Judge Chestney's *Aetna* report and recommendation currently pending with the District Court—the undersigned offers some additional recommendations on how this litigation can be most efficiently managed going forward, as discussed in greater detail below.

I.    **Factual and Procedural Background**

Plaintiff Neil Gilmour is a bankruptcy trustee for five hospitals that offered specialized-surgical services. Two additional hospitals are plaintiffs in their own names. Defendants are 67 distinct Blue Cross Blue Shield affiliates (collectively, "BCBS Defendants") that provide healthcare insurance to individuals across the country through plans they administer.[1]

According to the live Complaint, the Victory Plaintiffs provided out-of-network medical treatment to various patients insured by plans administered by the BCBS Defendants. *See*

---

[1] Some BCBS Defendants both issue and administer the plans. *See* Compl. ¶ 100.

Compl. ¶¶ 96, 98. As out-of-network providers, the Victory Plaintiffs did not have contracts with the BCBS Defendants to accept payments for less than the usual and customary charges for services provided to patients. *Id.* The BCBS Defendants, it is alleged, charged and received higher insurance premiums from plan subscribers (also called plan "beneficiaries") in exchange for including out-of-network coverage in their plans. *Id.* The basic thrust of the Victory Plaintiffs' Complaint is that each of the BCBS Defendants failed to pay or underpaid out-of-network claims submitted by the Victory Plaintiffs on behalf of approximately 1,863 individuals who received treatment and were covered by BCBS plans. *Id.* ¶¶ 105-109. According to the Complaint, those claims were assigned and transferred to the Victory Plaintiffs, and they now seek recompense for these claims from the BCBS Defendants. *See id.* ¶ 92.

CFMI and GHMSI filed their motions on July 14, 2017, *see* Dkt. No. 23 & 25, and five other BCBS Defendants followed suit a few months later with similar, although not identical, motions, *see* Dkt. Nos. 60-61, 63-64, 98. Altogether, there are seven different motions to dismiss pending in this case. Some of the BCBS Defendants, like CFMI and GHMSI, challenge the propriety of venue in this district, *see* Dkt. Nos. 23, 25, 64,[2] while others do not. Some BCBS Defendants raise (in motions that are not the subject of this recommendation) Rule 12(b)(1) issues such as whether the Victory Plaintiffs have standing to bring claims as assignees and whether they retained the right to bring claims against the BCBS Defendants after confirmation of their bankruptcy reorganization plan. *See* Dkt. Nos. 60, 61, 63. Other BCBS Defendants (including CFMI and GHMSI, depending on the argument) raise other threshold issues such as whether the Victory Plaintiffs' ERISA § 1132(a)(1)(B) and breach-of-contract claims necessarily

---

[2] Only BCBS of Arizona argues that a forum-selection clause contained in its plan merits dismissal or transfer of the Victory Plaintiffs' claims against it. *See* Dkt. No. 64. On February 14, 2018, the Victory Plaintiffs and BCBS of Arizona filed a joint stipulated motion for dismissal with prejudice. *See* Dkt. No. 135.

fail for failure to identify the particular plan terms allegedly breached, *see* Dkt. Nos. 23, 25, 60, 61, 63, and whether the Victory Plaintiffs properly exhausted their claims under ERISA, *see* Dkt. No. 60. A majority of these issues, or ones substantially similar to them, are addressed in Judge Chestney's report and recommendation that is pending before the District Court in *Aetna*. Altogether, the result is an administratively complex duo of cases, with the present case presenting a patchwork of occasionally repetitive, often overlapping issues and arguments addressed in various different motions and replies and also addressed, or partially addressed, by the pending report and recommendation in *Aetna*.

The goal of this recommendation is to address some initial issues raised in the first two of the Rule 12 motions that were filed with the Court in this case, and then to set the stage for a more manageable next phase of this litigation.

**II.    Analysis**

*Personal Jurisdiction*. The personal jurisdiction analysis here is governed by ERISA's national service-of-process provision. *See* 29 U.S.C. § 1132(e)(2). The seminal case in this circuit on this provision—not brought to the Court's attention by any of the parties—is *Bellaire General Hospital v. Blue Cross Blue Shield*, 97 F.3d 822, 825 (5th Cir. 1996) (providing that where an ERISA action "is brought in a district court of the United States . . . [,] process may be served in any other district where a defendant resides or may be found") (citing 29 U.S.C. § 1132(e)(2)). A number of "circuits have held that national service of process provisions confer nationwide jurisdiction." *Med. Mut. of Ohio v. deSoto*, 245 F.3d 561, 568 n. 4 (6th Cir. 2001) (citing *Bellaire* and cases from the Seventh, Eighth, and Second Circuits). The Fifth Circuit is one of those circuits, notwithstanding its expression of "grave misgivings" about ERISA's

5

national service-of-process provision. *Dale v. Ala Acquisitions, Inc.*, 203 F. Supp. 2d 694, 699 n.4 (S.D. Miss. 2002). To sum up:

> [T]his court is bound to follow the Fifth Circuit's reluctant holding from *Bellaire* that, in ERISA cases, so long as a defendant has established minimum contacts with the United States, he is subject to the personal jurisdiction of this court, and may be served with process anywhere the statute permits . . . No Supreme Court decision or an *en banc* decision of the Fifth Circuit has overruled . . . *Bellaire.*

*Verizon Employee Benefits Comm. v. Jaeger*, No. CIV.A.3:05CV1860L, 2006 WL 2880451, at *3 (N.D. Tex. Sept. 28, 2006).

Because both CFMI and GHMSI indisputably have minimum contacts with the United States, *see, e.g.,* Decl. of Wanda Lessner, the Court's exercise of personal jurisdiction over them is proper. CFMI's and GHMSI's arguments concerning a lack of personal jurisdiction are unavailing.

*Venue*. The live Complaint invokes only the general venue statute, 28 U.S.C. § 1391, and alleges venue is proper in this district because "a substantial part of the events or omissions giving rise to the claims occurred in this district." Compl. ¶ 3. The Victory Plaintiffs, however, have apparently abandoned that position and argue in response to the motion to dismiss, and in favor of venue in this district, *only* under ERISA's venue provision. *See* Resp. at 20; Sur-Reply at 6.

ERISA's venue provision provides that "[w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The Victory Plaintiffs do not argue that CFMI or GHMSI reside or administer the plans at issue in this district, or that a breach of a plan took place in this district. *See* Resp. at 20; Sur-Reply at 6. Therefore, to establish the propriety of venue in this district

under § 1132(e)(2), the Victory Plaintiffs need to plead facts that could establish that CFI and GHMSI "may be found" in this district.

The Fifth Circuit does not appear to have addressed the circumstances under which a defendant "may be found" in a judicial district for purposes of § 1132(e)(2). The Seventh and Ninth Circuits, however, have held that a party "can be found in a judicial district if it has the sort of 'minimum contacts' with that district that would support the exercise of personal jurisdiction." *Waeltz v. Delta Pilots Retirement Plan*, 301 F.3d 804, 808 (7th Cir. 2002) (citing with approval *Varsic v. U.S. District Court for the Cent. District of Cal.*, 607 F.2d 245, 248 (9th Cir. 1979)). Several district courts in the Fifth Circuit have reached a similar conclusion. *See, e.g.*, *Nieves v. Houston Indus.,* 771 F.Supp. 159, 161 (M.D. La. 1991); *Sanders v. State St. Bank & Tr. Co*., 813 F. Supp. 529, 533 (S.D. Tex. 1993); *Wallace v. Am. Petrofina, Inc*., 659 F.Supp. 829, 831-32 (E.D. Tex. 1987). The undersigned is persuaded that a defendant "may be found" for purposes of § 1132(e)(2) in a judicial district where it has minimum contacts.[3]

According to the Victory Plaintiffs, CFMI and GHMSI (along with the other BCBS Defendants) "may be found" in Texas by virtue of their agency relationship with BCBS Texas. *See* Resp. at 20; Sur-Reply at 6. Specifically, the Victory Plaintiffs allege that "[t]he Blue Cross Entities regularly used Blue Cross Blue Shield of Texas as an agent/representative while dealing with Victory. This included, without limitation, much of the verification of coverage and benefits, pre-certifications, administration of claims and appeals, and benefit/payment

---

[3] Although these district courts held that a defendant "may be found" in a jurisdiction in which the court possesses personal jurisdiction, they reached this conclusion without the benefit of the Fifth Circuit's opinion in *Bellaire* and only after conducting a district-specific minimum contacts analysis. It also bears mentioning that the Victory Plaintiffs do not base their minimum-contacts analysis for venue purposes on ERISA's national service-of-process provision, *see* Sur-Reply at 6, and the undersigned agrees that to do so would be improper. *See, e.g., Waeltz* 301 F.3d at 808-09 (rejecting plaintiff's argument that because ERISA provides for nationwide personal jurisdiction, it also permits nationwide venue).

determinations described herein." Compl. ¶ 95. "The actions of an agent may establish minimum contacts over a principal." *McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009). Accordingly, the Victory Plaintiffs allege that the BCBS "Defendants are liable for these acts, omissions, and misrepresentations of their agent/authorized representative, Blue Cross Blue Shield of Texas." Compl. ¶ 95. These allegations, which in this procedural posture are taken as true, *see Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016), suffice to show minimum contacts between the BCBS Defendants (via their alleged agent) and the state of Texas. But there still remains an outstanding venue issue.

The parties have neglected to consider that venue is district-specific. *See* 29 U.S.C. § 1132(e)(2) (authorizing venue in an ERISA action "*in the district* where the plan is administered, where the breach took place, or where a defendant resides or may be found") (emphasis added). Blue Cross Blue Shield of Texas, the "agent/representative" upon which the Victory Plaintiffs base their venue argument, is located—according to the Victory Plaintiffs—in Richardson, Texas, *see* Resp. at 20 n. 25, which is located partially in the *Northern District* of Texas and otherwise in the *Eastern District* of Texas.[4] Accordingly, the undersigned cannot say, based on the parties' arguments and the present record, that venue as to CFMI and GHMSI properly lies in the Western District of Texas, and CFMI and GHMSI's Rule 12(b)(3) motions should be granted. *See Broadway Nat'l Bank, LLC*, 173 F. Supp. 3d at 473 & n.2 (finding that,

---

[4] It may be possible that other grounds support proper venue in this district. Perhaps, for example, plan beneficiaries who allegedly assigned their rights to the Victory Plaintiffs received benefits or resided in the Western District of Texas and suffered a breach of the plan sufficient to support venue here, at least as to those claims. *See* 29 U.S.C. § 1132 (e)(2); *Brown Schs.*, 806 F. Supp. at 151 (holding that where a plaintiff is an assignee, a breach took place either where the beneficiary was to receive benefits or where the decision regarding payment was made, regardless of where the assignee actually received payments). The undersigned expresses no opinion on this unbriefed point.

once challenged, the burden of sustaining venue lies with the plaintiff and discussing a split of authority on the issue within the Fifth Circuit).

The Victory Plaintiffs, however, should be afforded an opportunity to re-plead to provide additional allegations and venue facts pertinent to whether venue is proper in this district, as they have requested. *See, e.g., Williams v. RIP Records*, No. CIV.A. H-05-183, 2005 WL 1924181, at *5 (S.D. Tex. Aug. 9, 2005) (recognizing that "[c]ourts can allow a party an opportunity to amend his complaint to support the contention that venue is proper") (citing *Brown Schs*., 806 F.Supp. at 148 (referencing a previous order allowing a party to amend its complaint and file affidavits in support of its contention that venue was proper in the district)).

*The Pending Rule 12(b)(6) Motions and Next Steps*. Assuming the District Court agrees with the undersigned's recommendation on CFMI's and GHMSI's 12(b)(3) Motions, CFMI's and GHMSI's Rule 12(b)(6) motions would be rendered moot. Accordingly, the undersigned recommends that CFMI's and GHMSI's Rule 12(b)(6) motions be dismissed as moot, without prejudice to re-filing at a later date if appropriate.

The Victory Plaintiffs also seek leave to amend their Complaint to address other issues raised by various BCBS Defendants' Rule 12(b)(6) arguments. *See* Resp. at 66. Insofar as the District Court agrees that leave should be granted to amend the Complaint on the venue issue, the undersigned believes leave should be granted to amend the Complaint to address these additional issues as well. As a result, the other BCBS Defendants should expect their pending Rule 12 motions will likewise soon be dismissed as moot, without prejudice to re-filing,

assuming the District Court agrees with the undersigned's recommendations and the Complaint is amended.[5]

A pause for such amendment will also provide the parties and the Court an opportunity to streamline and manage this complex litigation, as follows:

- The Amended Complaint ought to stand on its own, without referring to, adopting, or incorporating by reference the original Complaint.

- Once an Amended Complaint is on file, the various motions to dismiss filed by the remaining BCBS Defendants, as already mentioned, should be dismissed as moot, without prejudice to re-filing.

- Further Rule 12 motions should await a ruling on the pending report and recommendation in *Aetna.* In her report and recommendation, Judge Chestney addressed several threshold issues that are also raised by several of the BCBS Defendants in this action. *See Aetna Life Ins. Co.*, No. 5-17-cv-510-FB-ESC (W.D. Tex. Jan. 19, 2018) at Dkt. No. 23. The undersigned believes all involved would benefit from a decision from the District Court on Judge Chestney's pending report and recommendation before motions to dismiss are further addressed by report and recommendation here. Accordingly, the parties should refrain from filing any further Rule 12 motions in this action until after the District Court issues a ruling on Judge Chestney's pending report and recommendation in *Aetna*. At that time, and depending on how the District Court rules on that report and recommendation, the undersigned will very likely schedule a status conference in this litigation or otherwise communicate with the parties about the best way to move forward with this

---

[5] *See Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint."); *see also Rodriguez v. Xerox Bus. Servs., LLC*, No. EP-16-CV-41-DB, 2016 WL 8674378, at *1 (W.D. Tex. June 16, 2016) (recognizing that the filing of an amended complaint may moot a pending motion to dismiss).

case, including by extending or setting deadlines for the filing of Rule 12 motions, as necessary.

- Moreover, if the BCBS Defendants wish later to file subsequent motions to dismiss, they should first confer with one another and—if at all possible—aim to file an omnibus motion to dismiss that collectively addresses those issues that are common to multiple defendants. Arguments specific to certain defendants or groups of defendants—or disagreements about arguments among defendants—could be addressed via separate motions to dismiss or in separate sections of an omnibus motion. Filing in this form would eliminate repetitive briefing and rescue the Court from the administrative task of reviewing and organizing stacks of motions raising virtually identical (but perhaps sometimes slightly different) arguments as to various different parties.[6]

- The parties should also explore—if further Rule 12 motions are contemplated—whether staged briefing, wherein the parties first brief certain threshold issues like subject-matter jurisdiction, would be a more efficient and helpful approach to employ in this case.

- Finally, the parties should also explore how this case ought to proceed in light of the various venue issues raised by CFMI and GHMSI, as discussed herein.[7]

---

[6] An eye should be kept on the rules governing the length of motions, and, should it become necessary, an update from the BCBS Defendants explaining that an omnibus motion is forthcoming and seeking leave to reasonably exceed the page limits would surely be well-received by the Court.

[7] The undersigned notes that aside from CFMI, GHMSI, and BCBS of Arizona, none of the other BCBS Defendants have challenged the propriety of venue in this district. While the remaining BCBS Defendants appear to have waived the right to challenge venue, *see* Fed. R. Civ. P. 12(h)(1), the Court may raise venue *sua sponte* to ensure that this case proceeds in an efficient, rather than piecemeal manner. *See, e.g., Pers. Audio, LLC v. Google, Inc.*, No. 1:15-CV-350, 2017 WL 5988868, at *12 (E.D. Tex. Dec. 1, 2017); *Dabbagui v. Halliburton Energy Serv.*, No. 3:16-CV-2739-B-BN, 2016 WL 6788071, at *2 (N.D. Tex. Oct. 25, 2016), *report and recommendation adopted*, 2016 WL 6778393 (N.D. Tex. Nov. 15, 2016).

### III.     Conclusion

For the reasons discussed above, the undersigned recommends that the District Court **GRANT IN PART** Defendant CFMI's and GHMSI's Motions to Dismiss and Alternative Motions to Transfer, Dkt. Nos. 23 & 25, as follows: the District Court should (1) **DENY** CFMI's and GHMSI's Rule 12(b)(2) motions; (2) **GRANT** CFMI's and GHMSI's Rule 12(b)(3) motions; and (3) **DISMISS AS MOOT** CFMI's and GHMSI's 12(b)(6) motions, without prejudice to their later re-filing.

The undersigned recommends that the Victory Plaintiffs be permitted to file an amended complaint to address the venue issues discussed above and to cure or clarify other allegations, as requested in their Response. The Victory Plaintiffs should be ordered to file the amended complaint within 30 days from the date the District Court rules on this report and recommendation. The District Court should also direct the parties to refrain from filing any further Rule 12 motions in this case until they receive instructions on whether and how such motions can be filed, which they will receive after a ruling is made on Judge Chestney's report and recommendation in *Aetna* (and likely after a status conference is held in this case, if one is needed).

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party

shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a de novo determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc*., 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

SIGNED this 6th day of March, 2018.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE